IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 15, 2017 Session

IN RE: HAILEY C.,[1] ET AL.

**Direct Appeal from the Juvenile Court for Davidson County**
**No. 208898     Sheila Calloway, Judge**

_____

**No. M2016-00818-COA-R3-PT**

_____

This is an appeal of the termination of a father's parental rights to his two minor daughters.  The father is currently serving a thirty-four year prison sentence for criminal acts committed against his daughters.  The children's mother filed a petition to terminate the father's rights to the children.  Following a bench trial, the court below held that statutory grounds existed to terminate the father's parental rights and that it was in the children's best interest to do so.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, J.J., joined.

Lydle Willis Jones, Nashville, Tennessee, for the appellant, Fred C.

Mark J. Downton, Nashville, Tennessee, for the appellee, Melanie C.

**OPINION**

**I. FACTS & PROCEDURAL HISTORY**

Appellant, Fred C. ("Father") and Appellee, Melanie C. ("Mother") married in 1997 and divorced in 2009.   Two children were born to the parties during their marriage (the "Children").  When the Children were ages six and four, they told Mother they were

_____

[1]In cases involving minor children, it is this Court's policy to redact names in order to protect the children's identity.  In this case, in order to preserve both clarity and the anonymity of the children, we will redact the names of individuals sharing the children's surname and will refer to those individuals by their given name and the first letter of their surname.

being sexually abused by Father. On November 19, 2009, a jury convicted Father of seven counts of rape of a child and two counts of aggravated sexual battery. Father appealed to the Tennessee Court of Criminal Appeals, which affirmed Father's convictions on three counts of rape of a child and the two counts of aggravated sexual battery. The Tennessee Supreme Court granted Father's Rule 11 application for permission to appeal and affirmed the decision of the Court of Criminal Appeals on November 10, 2014. Father is currently serving a thirty-four year sentence with an anticipated release date in 2043.

On July 21, 2015, Mother filed a petition to terminate Father's parental rights to the Children, who were by then ages fourteen and twelve. Mother alleged several grounds for termination related to Father's sexual abuse of the Children and his criminal convictions stemming therefrom. Father was appointed counsel to defend against Mother's petition.

Prior to trial, Father filed a motion to stay and/or to continue the termination proceedings until he exhausted all avenues of post-conviction relief in his criminal matter. Father also filed a motion to disqualify attorney Sharon Reddick from representing Mother in the termination proceedings. Father argued that, pursuant to Rule 1.11 of the Tennessee Rules of Professional Conduct, Ms. Reddick should be disqualified from representing mother in the termination proceeding because she was previously the prosecutor in the criminal case against Father that formed the basis of Mother's petition to terminate his parental rights. The trial court heard both of Father's motions on March 8, 2016, and denied his requests to stay the termination trial and to disqualify Ms. Reddick as counsel for Mother.

The trial on the termination petition was held on March 9 and 11, 2016. The court heard testimony from Mother, Father, the Children, Father's relatives, and others. Father's criminal convictions were entered as exhibits to establish grounds for termination of his parental rights. Early on the morning of March 11, 2016, Mother moved the court to amend her petition to terminate parental rights to allege that Father's rights should be terminated based on the sole ground that he had been convicted of crimes rising to the level of severe child abuse, aggravated sexual battery, and aggravated assault as set forth in Tennessee Code Annotated section 36-1-113(g)(11). The court allowed Mother's amendment over Father's objection.

The court took the matter under advisement at the conclusion of the trial, and on March 30, 2016, the court entered an order terminating Father's parental rights to the Children. The court found that grounds existed to terminate Father's rights, in that Father had been found guilty of committing severe child abuse under a prior court order. The court further found that termination of Father's rights was in the best interest of the

Children.

## II. ISSUES PRESENTED

Father presents the following issues for review on appeal, which we have restated:

1. Whether the trial court erred by denying Father's motion to stay and/or continue the parental termination proceedings?

2. Whether the trial court erred by denying Father's motion to disqualify opposing counsel?

3. Whether the trial court erred by allowing Mother to amend her petition to terminate parental rights after the close of Mother's proof on the second day of trial?

4. Whether the trial court erred by finding by clear and convincing evidence that there were grounds for termination of Father's parental rights?

5. Whether the trial court erred in finding that it is in the Children's best interest for Father's parental rights to be terminated?

6. Whether Father's counsel's representation of Father during the termination proceedings fell below the applicable standard of care?

## III. STANDARD OF REVIEW

In Tennessee, proceedings to terminate a parent's parental rights are governed by statute. *In re Kaliyah S.*, 455 S.W.3d 533, 541 (Tenn. 2015). Tennessee Code Annotated section 36-1-113 sets forth the grounds and procedures for terminating the parental rights of a biological parent. *Id.* at 546. Pursuant to the statute, parties who have standing to seek termination of a biological parent's parental rights must prove two elements. *Id.* at 552. First, they must prove the existence of at least one of the statutory grounds for termination listed in Tennessee Code Annotated section 36-1-113. *Id.* Second, the petitioner must prove that terminating parental rights is in the child's best interest, considering, among other things, the factors listed in Tennessee Code Annotated section 36-1-113(i). *Id.* In light of the constitutional dimension of the rights at stake in a termination proceeding, the persons seeking to terminate parental rights must prove both of these elements by clear and convincing evidence. *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010) (citing Tenn. Code Ann. § 36-1-113(c); *In re Adoption of A.M.H.*, 215

3

S.W.3d 793, 808-09 (Tenn. 2007); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002)). "Clear and convincing evidence" has been defined as "evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *In re Adoption of Angela E.*, 402 S.W.3d 636, 640 (Tenn. 2013) (citing *In re Valentine*, 79 S.W.3d at 546). It produces a firm belief or conviction in the fact-finder's mind regarding the truth of the facts sought to be established. *In re Bernard T.*, 319 S.W.3d at 596.

## IV. DISCUSSION

1.     Father's Motion to Stay and/or Continue Termination Proceedings

Father first asserts that the trial court committed reversible error by denying his motion to stay and/or continue the termination proceedings until he exhausted all of his post-conviction relief appeals in his criminal matter. In support of this contention, Father cites to *Eleanor Bell v. Roger Todd*, 206 S.W.3d 86 (Tenn. Ct. App. 2005) for the proposition that "the pendency of parallel or related criminal proceedings may provide a basis for postponing the civil proceeding." *Bell*, 20 S.W.3d at 94. While true, the sentence immediately preceding that statement notes that "[d]efendants are not absolutely entitled to a stay or continuance of civil litigation simply because criminal charges are pending against them." *Id.* at 93-94. A trial court's decision regarding whether to stay or continue civil proceedings in light of a defendant's parallel criminal proceedings is a discretionary decision that requires a court to balance the interests of the parties involved. *Id.* at 94.

The trial court in this case heard Father's motion to stay the termination proceedings and determined that, even if Father's convictions were eventually overturned, it would take several years to do so, and the Children at issue deserved resolution in this matter. By the time of the hearing on the termination petition in this case, Father's convictions had been upheld by the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court. Furthermore, this Court has repeatedly held that the possibility that an incarcerated parent might be released from prison does not dictate whether grounds exist for the termination of parental rights. *See, e.g. In re Adoption of K.B.H.*, 206 S.W.3d 80 (Tenn. Ct. App. 2006); *In re Adoption of Copeland*, 43 S.W.3d 483 (Tenn. Ct. App. 2000). We conclude that the trial court properly exercised its decision to deny Father's motion to stay and/or continue the termination proceedings.

2.     Father's Motion to Disqualify Opposing Counsel

Father moved to disqualify Ms. Reddick, Mother's attorney, from representing

4

Mother in the termination proceedings because she had previously represented the State of Tennessee in the prosecution of the criminal matters against Father. This motion to disqualify was heard, along with Father's motion to stay the case, on March 8, 2016. The trial court denied Father's request.

In support of his motion at trial and on appeal, Father cites to Rule 1.11(a)(2) of the Tennessee Rules of Professional Conduct, which states, in pertinent part, that "a lawyer who has formerly served as a public officer or employee of the government . . . shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee." Tenn. R. Prof. Con. Rule 1.11(a)(2). However, a plain reading of Rule 1.11 demonstrates that the rule contemplates a situation in which a public officer subsequently represents a client in the *same* matter in which he/she previously acted on behalf of the government. Although Father's criminal convictions served as the basis for the termination proceedings against him, the criminal proceedings and termination proceedings were wholly separate matters. As Father's attorney conceded at the hearing on this motion, Rule 1.11 is primarily related to circumstances in which a prosecutor might attempt to "switch sides" during the pendency of a case.

Father also relies on subsection (c) of Rule 1.11, which would disqualify a former government employee from representing a private client when that former government employee acquired "confidential government information" about a person adverse to their current private client. The trial court, however, specifically held that Ms. Reddick gained no information in the prosecution of the criminal case against Father that would give her an advantage and make it unethical to represent Mother. We agree. Grounds for termination in this case were established on the face of Father's convictions, and nothing in the record suggests that Ms. Reddick used any information not otherwise available to the public. We affirm the trial court's denial of Father's motion to disqualify opposing counsel.

3.    Mother's Amended Complaint

On March 11, 2016, after the first day of the termination proceedings, Mother moved the trial court to allow her to amend her termination petition to include Tennessee Code Annotated section 36-1-113(g)(11)(B) as the sole ground for termination against Father. An apparent oversight on the part of Mother and her counsel, Mother's initial petition alleged statutory grounds for termination that did not give Mother standing to petition to terminate Father's parental rights. On the other hand, Tennessee Code Annotated section 36-1-113(g)(11)(B), which is based on Father having been found to have committed severe sexual abuse against the minor Children under a prior order of a criminal court, does confer standing on Mother in this case. To be clear, the facts alleged

5

in the amended complaint were the same as the original facts alleged against Father, and the proof Mother submitted against Father did not change. Only the specific statutory ground for termination was amended. The trial court heard the arguments of the parties' counsel and granted Mother's motion to amend.

On appeal, Father contends that the trial court erred by allowing Mother to amend her petition to terminate parental rights during the trial of this case. However, Father does not make any argument to this Court regarding how this ruling by the trial court prejudiced him. After granting Mother's motion to amend, the trial court even asked Father's attorney whether he needed additional time to try the case as a result of the amended petition, but Father's counsel said he did not and that he was ready to move forward that day with the remainder of his proof. In light of the fact that we can discern no prejudice to Father by allowing the amendment, we conclude that there was no error in allowing Mother to amend her petition to terminate Father's parental rights.

4.    Grounds for Termination

Father alleges that the trial court erred by finding that grounds existed for termination of his parental rights. Father's only argument on this issue appears to be that he maintains he is innocent of the crimes for which he was convicted. The trial court held that Father's rights could be terminated on the ground set forth in Tennessee Code Annotated section 36-1-113(g)(11), which allows a court to terminate parental rights when a parent has been "found to have committed severe child sexual abuse under any prior order of a criminal court." Father makes no allegation that he was not found guilty of committing severe child sexual abuse within the meaning of section 36-1-113(g)(11). His continued assertions of innocence have no bearing on whether grounds for termination exist pursuant to this statute. We affirm the trial court's holding that grounds exist to terminate Father's parental rights pursuant to Tennessee Code Annotated section 36-1-113(g)(11).

5.    Best Interest of the Children

Because the trial court properly found the existence of at least one statutory ground for termination of Mother's parental rights, we now consider the trial court's finding that terminating Father's parental rights is in the best interests of the children. Tennessee Code Annotated section 36-1-113(i) sets out a list of factors that are relevant in a best-interest analysis. However, this list of factors is not exhaustive, and a court need not find the existence of every factor for termination. *In re M.A.R.*, 183 S.W.3d 652, 667 (Tenn. Ct. App. 2005). This Court has also noted that "the best interest[s] of a child must be determined from the child's perspective and not the parent's." *In re Arteria*

*H.*, 326 S.W.3d 167, 182 (Tenn. Ct. App. 2010) (citing *White v. Moody,* 171 S.W.3d 187, 194 (Tenn. Ct. App. 2004)).

In the case at hand, the trial court made findings of fact and conclusions of law that addressed each of the factors listed in Tennessee Code Annotated section 36-1-113(i). In particular, the court found as follows:

Pursuant to T.C.A. §36-1-113(i), in determining whether termination of [Father's] rights is in the best interest of the children, the Court considers the following:

a. The father is unable to make an adjustment of conditions as to make it safe for the children due to his current incarceration.

b. The father is unable to effect a lasting adjustment due to his current incarceration.

c. The father is unable to maintain regular visitation or contact with the children due to the conviction of sexual abuse against them.

d. A meaningful relationship has not been established between the father and the children.

e. A change in the physical environmental or with custody with their mother would likely have a negative effect on the children's emotion[al], psychological and medical condition.

f. The father was convicted of sexual abuse against the children.

g. The father is currently incarcerated on a 34 year sentence. There is no home that the father could offer the children.

h. There is no evidence as to the father's mental or emotional status. However, the court can assume that due to the current incarceration, he cannot provide safe and stable care and supervision for the children.

i. Although the father consistently paid child support as ordered prior to his trial, he is unable to pay child support since the conviction.

7

On appeal, Father makes no compelling argument to contradict the trial court's finding of best interest. In general, Father avers that he had a good relationship with the Children before these criminal matters arose, and that his mother and sister also had a close relationship with the Children. However, in addition to the findings of the court listed above, the Children both testified that they feel it would be best for them if Father's parental rights were terminated, and that they have no interest in maintaining a relationship with their Father, their paternal grandmother, or their paternal aunt. After reviewing the record, we determine that the evidence supports the trial court's findings above and that the court properly weighed the statutory best interest factors when terminating Father's parental rights. The proof in this case is clear and convincing that it is in the best interest of the Children that Father's parental rights be terminated.

6.      Assistance of Counsel

Finally, Father asserts that his appointed counsel during the termination proceedings failed to adequately represent him and that we should find that inadequate representation to constitute reversible error. We need not delve into the particulars of Father's argument that he did not receive effective assistance of counsel to reject this theory. The Tennessee Supreme Court has recently taken up the issue of whether a parent may attack a judgment terminating their parental rights based on ineffective assistance of appointed counsel. In determining that a parent has no such right in Tennessee, our supreme court held that "transporting the structure of criminal law, featuring as it does the opportunity for repeated re-examination of the original court judgment through ineffectiveness claims and post-conviction processes, has the potential for doing serious harm to the children whose lives have by definition already been very difficult." *In re Carrington H.,* 483 S.W.3d 507, 533 (Tenn. 2016) (quoting *Baker v. Marion Cnty. Office of Family & Children,* 810 N.E.2d 1035, 1038-39 (Ind. 2004)). Father acknowledges that this is the state of the law in Tennessee but urges this Court to adopt the arguments of the dissent in *Carrington* and hold that he does in fact have a constitutional right to effective assistance of counsel in a termination proceeding. *See Carrington,* 483 S.W.3d 540 (Sharon G. Lee, C.J. and Gary R. Wade, J., concurring and dissenting). We decline Father's invitation to ignore the basic principles of *stare decisis*.

**IV. CONCLUSION**

For the foregoing reasons, we affirm the trial court's order terminating Father's parental rights. Costs of this appeal are taxed to the Appellant, Fred C. Because Fred C.

is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.


_____
BRANDON O. GIBSON, JUDGE